[No. F045535. Fifth Dist. Nov. 28, 2005.]

COUNTY OF FRESNO, Plaintiff and Respondent, v.
CELESTINO SANCHEZ, JR., Defendant and Appellant.

**COUNSEL**

Celestino Sanchez, Jr., in pro. per., for Defendant and Appellant.

Bill Lockyer, Attorney General, Thomas R. Yanger, Assistant Attorney General, Margarita Altamirano and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LEVY, Acting P. J.**—A default paternity judgment was entered against appellant, Celestino Sanchez, Jr., in 1996. In 2003, appellant moved to modify his child support obligation to zero based on a DNA parentage report allegedly demonstrating that he was not the biological father of the child. The trial court denied this motion.

Appellant contends the trial court abused its discretion. According to appellant, the trial court should have granted equitable relief based on the mother's fraud. Appellant relies on the recent opinion in *County of Los Angeles v. Navarro* (2004) 120 Cal.App.4th 246 [14 Cal.Rptr.3d 905], wherein the court held that equity could be invoked to set aside a five-year-old default paternity judgment where the County of Los Angeles conceded that the defendant had been mistakenly charged with being the child's father.

However, when the trial court denied appellant's motion to modify child support, the court was following the law in effect at the time. Thus, the trial court did not abuse its discretion and this order will be affirmed. Nevertheless, there is new legislation that permits a paternity judgment to be set aside based on genetic testing. (Fam. Code,[1] § 7645 et seq.) This legislation, enacted after *County of Los Angeles v. Navarro* was decided, sets forth a comprehensive scheme that provides relief for the type of mistake that prompted the *Navarro* court to depart from established law. Appellant may proceed in the trial court to have the paternity judgment set aside under this new law.

## BACKGROUND

Respondent, the County of Fresno (County), filed an action to establish paternity and support naming appellant as the father of a girl born in December 1995. A default judgment of paternity was entered against appellant on December 12, 1996.

On October 26, 2001, appellant filed the first of three motions seeking to set aside the judgment and child support arrears. This motion was taken off calendar in April 2003 at appellant's request. Appellant filed a second motion on June 26, 2002, arguing that the paternity judgment should be vacated on equitable grounds. The trial court denied this motion and appellant appealed. This appeal was later dismissed. The subject motion, filed on November 19, 2003, sought an order modifying the original child support order to zero.

Appellant submitted a copy of a DNA parentage test report to support all three motions. This report, prepared in Ohio, stated that based on DNA

---

[1] All further statutory references are to the Family Code.

testing results, appellant was excluded as the biological father. With respect to this third motion appellant also claimed, for the first time, that he was not properly served with the summons and complaint. In response, the County noted that appellant had been personally served and that the original proof of service was contained in the court file.

Appellant was involved in two automobile accidents, one in December 1997 and one in January 2001. In August 2003, attorney David Balakian was holding the proceeds from appellant's personal injury lawsuit in a client trust account.

On August 26, 2003, the County filed an order for Balakian, as trustee, to appear for examination for enforcement of the child support judgment against appellant. At that time, the arrears totaled over $18,000.

Both the motion to modify child support and the examination order were heard on March 9, 2004. The court refused to set aside the judgment, noting that the issue had been previously addressed by the court on a number of occasions. The court also denied the motion to modify child support. The court then ordered that a compromise amount of $9,250, approximately one-half of the trust account, be turned over to the sheriff to satisfy the writ of execution that was issued in 2003.

## DISCUSSION

Appellant argues that the trial court should have modified his child support obligation to zero based on his being the victim of fraud by the child's mother. The 2000 DNA parentage test report forms the basis of appellant's claim. Appellant also executed and filed a waiver of all parental rights in October 2003. According to appellant, under these circumstances, neither res judicata nor collateral estoppel should apply.

■ At the time appellant's motion was heard in March 2004, the established law denied him relief. Once there was a judgment or order establishing the existence or nonexistence of the parent and child relationship, it was determinative for all purposes. (§ 7636.) Therefore, a judgment of paternity, even if taken by default, was res judicata in any subsequent civil enforcement proceeding. (*City and County of San Francisco v. Stanley* (1994) 24 Cal.App.4th 1724, 1728 [30 Cal.Rptr.2d 106].) Further, there was no authority for a parent to use a motion to modify child support as a vehicle to reopen the issue of paternity once a final judgment of paternity had been rendered. (*Id.* at p. 1729.) Moreover, the doctrine of extrinsic fraud could not provide appellant with relief because the doctrine does not encompass the type of falsehood present here. (*City and County of San Francisco v.*

*Cartagena* (1995) 35 Cal.App.4th 1061, 1067–1068 [41 Cal.Rptr.2d 797].) Accordingly, the trial court properly denied appellant's motion.

However, on June 30, 2004, the Second District, Division Eight, departed from the established law when it published *County of Los Angeles v. Navarro.* There, a default judgment of paternity was entered against defendant Navarro. Navarro denied paternity and had no relationship with the children. Five years later, Navarro moved to set aside the judgment because a recent genetic test performed in a separate paternity action conclusively proved that he was not the father. The County of Los Angeles conceded the error but nevertheless opposed Navarro's motion. The trial court agreed with the county. (*County of Los Angeles v. Navarro, supra,* 120 Cal.App.4th at p. 248.)

The *Navarro* court acknowledged that by strict application of the law, Navarro should be denied relief. The motion to set aside the default was untimely and the mother's false assertion that Navarro was the father did not constitute extrinsic fraud. Nevertheless, the court reversed the trial court's order denying Navarro's motion. The *Navarro* court concluded that "[s]ometimes even more important policies than the finality of judgments are at stake . . . ." (*County of Los Angeles v. Navarro, supra,* 120 Cal.App.4th at p. 249.) The court noted that it is this state's policy to correct mistakes in child support actions, not exploit them and that the county, a political embodiment of its citizens and inhabitants, must always act in the public interest and for the general good. Accordingly, the court refused to assist the county in its effort to enforce a child support judgment the county knew to be unfounded. (*Ibid.*) Rather, the *Navarro* court decided it would not "sully [its] hands by participating in an unjust, and factually unfounded, result." (*Id.* at pp. 249–250.)

However, less than four months later, a statutory remedy for such "unjust, and factually unfounded" results was added to the Family Code. (§ 7645 et seq.) This article sets forth the procedure for setting aside or vacating a judgment establishing paternity, "[n]otwithstanding any other provision of law." (§ 7646, subd. (a).) Essentially, within a two-year period commencing with the established father's knowledge of the judgment, the child's birth if there was a voluntary declaration of paternity, or the effective date of this section if there was a default judgment, the established father can move to set aside or vacate the judgment of paternity if genetic testing indicates that he is not the biological father of the child. (§ 7646.) The legislation also includes specific requirements for granting the motion and factors to be considered in determining whether, despite the genetic test, denial of the motion is in the best interest of the child. (§§ 7647 and 7648.)

In light of this comprehensive statutory scheme for setting aside a judgment of paternity when otherwise established procedural rules would not

permit relief, it must be concluded that section 7645 et seq., vitiates *County of Los Angeles v. Navarro*. The amorphous equitable considerations and general policies relied on in *Navarro* must give way to the later enacted detailed procedure. Accordingly, this court cannot rely on *Navarro* to grant appellant relief.

Nevertheless, appellant can file a motion in the trial court to set aside the default paternity judgment under this new law. However, he must do so by October 28, 2006, two years after the effective date of the statute. Moreover, if the motion is granted, appellant will have no right of reimbursement for any amount of support paid prior thereto. (§ 7648.4.)

## DISPOSITION

The order is affirmed. Each party to bear its own costs on appeal.

Cornell, J., and Dawson, J., concurred.