[No. D054609. Fourth Dist., Div. One. Apr. 28, 2010.]

CATHY A. TATE, Plaintiff and Respondent, v.
HARI L. WILBURN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III.B.

## COUNSEL

Men's Legal Center and Marc E. Angelucci for Defendant and Appellant.

Law Office of Ronn Bisbee and Ronn Bisbee for Plaintiff and Respondent.

## OPINION

**AARON, J.—**

I.

### INTRODUCTION

In 1991, the trial court entered an order directing Hari L. Wilburn to pay Cathy A. Tate $226 per month in child support for their child, A.B. After not having paid any of the ordered support nor having sought to set aside the order, in February 2008—more than 16 years later—Wilburn moved to set aside the order on the ground that the trial court had not made a finding that he was A.B.'s father prior to entering the 1991 child support order. The trial court denied the motion. In October 2008, Wilburn filed a renewed motion pursuant to Code of Civil Procedure section 1008, subdivision (b)[1] to set aside the 1991 child support order. In his renewed motion, Wilburn claimed that recent genetic testing demonstrated that he is not A.B.'s father, and that the test results constituted new evidence pursuant to section 1008, subdivision (b). The trial court denied the renewed motion.

Wilburn appeals from the trial court's order denying his renewed motion. On appeal, Wilburn argues that the trial court erred in failing to set aside the 1991 child support order because he was never properly served with Tate's underlying order to show cause, the record contains no finding that he is A.B.'s father, and genetic testing performed in August 1998 purportedly demonstrates that he is not A.B.'s father. In the published portion of this opinion, we hold that an order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable. In the unpublished portion of this opinion, we construe Wilburn's appeal as seeking a petition for writ of mandate, and reject each of his contentions on the merits.

II.

### FACTUAL AND PROCEDURAL BACKGROUND

A. *The 1991 child support order*

On September 23, 1991, Tate filed an application for an order to show cause and for a temporary restraining order. In her application, Tate requested that Wilburn be ordered not to have any contact with Tate, and that Tate be

---

[1] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

granted temporary custody of A.B. A judge of the superior court signed the temporary restraining order that day.

In a declaration attached to her application, Tate stated that she and Wilburn had "been separated for the last [four] months." Tate also stated that Wilburn had "punched [her] in the face," and had "threatened to kill [her]." Tate indicated that she and Wilburn had a five-year-old child, and requested that Wilburn be ordered to pay child support. Tate listed Wilburn's home address in her declaration, and indicated that both she and Wilburn worked at "Kaiser-Zion."

On September 30, after a hearing that Tate attended and Wilburn did not, the trial court found that Wilburn had been properly served with Tate's application and order to show cause. The court entered a restraining order against Wilburn, awarded Tate custody of A.B., and continued the hearing on Tate's request for child support.

On October 1, Wilburn filed an application for an order to show cause, seeking to modify the restraining order. On October 7, the trial court held a hearing on Tate's request for child support. Tate personally attended the hearing. Wilburn was not present. That same day, the trial court entered an order directing Wilburn to pay Tate $226 per month in child support. On October 28, the court took Wilburn's order to show cause off calendar when neither party appeared at a scheduled hearing on the matter.

B.   *Wilburn's February 2008 order to show cause to set aside the 1991 child support order*

In February 2008, Wilburn filed an application for an order to show cause seeking to set aside the 1991 child support order. In a brief in support of his order to show cause, Wilburn's counsel argued that the trial court should set aside the 1991 child support order because the record was "devoid of a prima facie finding of paternity." Counsel also stated that the record did not contain "proof of service of [Tate's] order to show cause upon [Wilburn]."[2]

Tate filed a brief and a responsive declaration in opposition to Wilburn's order to show cause. In her declaration, Tate stated that she had personally attended a hearing on October 7, 1991, at which the trial court considered her order to show cause seeking child support. Tate stated in her declaration that, at that hearing, "the judge called the case, and indicated on the record

---

[2] The record on appeal contains a portion of a document that appears to be Wilburn's declaration in which he states that he did "not recall ever being served" with Tate's 1991 order to show cause. The document also states, "I did not know of the order of October 7, 1991 until [Tate] filed a claim in the probate of my mother's estate on September 26, 2007."

that . . . Wilburn was properly noticed of the hearing, but failed to answer or appear."[3] Tate also stated that at the October 1991 hearing, the trial court took testimony regarding "whether . . . Wilburn was the biological father of [A.B.]," and that the court "made a finding of paternity." Tate also claimed in her declaration that Wilburn "knew about the support order and admitted he knew about it more than fourteen years ago because he received collection correspondence from government agencies and admitted to me that he lost his driver's license for failure to pay support."[4]

On July 14, the trial court held a hearing at which it heard oral argument from counsel from both parties. At the conclusion of the hearing, the court denied Wilburn's request to set aside the 1991 child support order. On August 22, the trial court entered a written order denying the motion to set aside.

C.   *Wilburn's renewed motion to set aside the 1991 child support order*

On October 23, 2008, Wilburn filed a renewed motion pursuant to section 1008, subdivision (b), in which he again requested that the court set aside the 1991 child support order. In the motion, Wilburn claimed that "there is new evidence now available that was not available at the time of the hearing on July 14, 2008." With his motion, Wilburn filed his own declaration detailing the procedural history of the case. In the declaration, Wilburn stated: "Prior to the filing of this motion, my sister tracked down [A.B.] in an attempt to see if she was willing to help me in this matter. . . . [A.B.] at that time would not get involved nor would she undergo paternity testing then. However, after the court's ruling in this matter, [A.B.] agreed that she would undergo paternity testing with me. On August 26, 2008, I received the results of the paternity testing and I was excluded a[s] the father of [A.B.]. A copy of the testing result is attached hereto and marked as Exhibit A. Based on this new fact which was not previously available to me as [A.B.] previously would not undergo testing earlier this year (she is currently 22 years old and not residing in California) I once again ask this court to set aside the child support order as I have been excluded as the father of [A.B.]."

Wilburn included a one-page "DNA Test Report," from an entity called "DNA Diagnostics Center," with his declaration. The report describes the results of genetic testing purportedly performed in August 2008 on Wilburn and A.B., and states that Wilburn is "excluded as the biological father of the tested child."

---

[3] In explaining the genesis of Wilburn's 2008 order to show cause, Tate stated that Wilburn was the beneficiary of an interest in a pending probate matter. Tate indicated that she had filed a lien in the probate case seeking to recover past due child support based on the 1991 child support order.

[4] Tate attached to her declaration correspondence between various governmental agencies and herself regarding the agencies' efforts to collect child support from Wilburn on her behalf.

Wilburn also offered a declaration from A.B. In her declaration, A.B. stated, "Wilburn never lived with us as a family during my childhood and has never acted like a father to me." A.B. also stated, "My mother has lied to me all of my life saying that [Wilburn] was my father. I now know that he is not, and still do not know who my father is. I am 22 years old. I feel it is very unfair and wrong that my mother is trying to make [Wilburn] responsible for my support. He is not my father and never assumed responsibility as my father."

On December 15, Wilburn's counsel appeared in court and informed the court that Tate's counsel was in trial in Los Angeles. Wilburn's counsel informed the court that Tate's counsel requested that the matter be continued. The trial court responded by stating that it was going to issue a tentative ruling denying the motion, and that Tate need not file a response. The court stated that it would permit Wilburn's counsel to present oral argument in support of the renewed motion. After hearing argument from Wilburn's counsel, the court indicated that it would deny Wilburn's motion.

On February 11, 2009, Wilburn filed a notice of appeal from the trial court's denial of his October 2008 renewed motion to set aside. On February 25, the trial court entered a written order denying the renewed motion. In its order, the trial court stated in relevant part:

"The court finds that [Wilburn] could have requested a DNA test under Family Code section 7551 (formerly Evidence code section 892) at or before the paternity order was made, but failed to do so.[5]

"The court finds that [Wilburn] has waited too long to challenge the court's prima facie finding of paternity in 1991.

"The court finds that the combination of presuming the court did do its job and made a prima facie finding of paternity and [Tate's] declaration who was there and who put in a declaration that the court made the finding before issuing the order involving child support is enough from the court's perspective for the order to stand as is.

---

[5] The trial court was incorrect in stating that Wilburn could have requested a DNA test pursuant to Family Code section 7551 prior to the entry of the 1991 paternity order. Before 1994, Evidence Code former section 892 provided that a court could order *blood* tests for the purposes of determining paternity. In 1994, Family Code section 7551 became operative and continued Evidence Code former section 892 without substantive change. In 1997, Family Code section 7551 was amended to provide that a court may order a party to submit to *genetic* tests for the purposes of determining paternity. (Stats. 1997, ch. 599 § 36, p. 3716.)

"The court finds that the judge presiding over the matter in 1991 made a specific finding that [Wilburn] had been validly served, so he had notice and opportunity to participate, but chose not to do so."[6]

While this appeal was pending, Tate obtained a writ of execution against Wilburn in the trial court in the amount of $74,286.41 for unpaid child support. Wilburn subsequently filed a petition for writ of supersedeas in this court, requesting that this court "stay the trial court proceedings."

On December 8, 2009, this court stayed enforcement of the writ of execution. On December 24, this court granted Wilburn's petition for writ of supersedeas.

## III.

## DISCUSSION

A.  *The trial court's order denying Wilburn's renewed motion pursuant to section 1008, subdivision (b) is not appealable*

Wilburn seeks to appeal from an order denying a renewed motion pursuant to section 1008, subdivision (b). This court has previously held that an order denying a motion for reconsideration pursuant to section 1008, subdivision (a) is not appealable. (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1459 [30 Cal.Rptr.3d 914] (*Annette F.*).) In this case, we hold that an order denying a renewed motion pursuant to section 1008, subdivision (b) also is not appealable, and reject Wilburn's alternative arguments in support of his claim that the trial court's order denying his renewed motion is appealable.

1.  *Wilburn's motion in the trial court is properly characterized as a renewed motion pursuant to section 1008, subdivision (b)*

In Wilburn's motion and brief in the trial court, he referred to his motion as a "motion for reconsideration," which is provided for in section 1008, subdivision *(a)*. However, Wilburn's motion cited section 1008, subdivision *(b)*, which is more properly referred to as a "renewed motion." (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43, fn. 11 [103 Cal.Rptr.3d 699].)

---

[6] Wilburn's February 11 notice of appeal stated that the trial court had yet to enter a written order denying his motion. The court entered the written order on February 25. We construe Wilburn's notice of appeal as being from the February 25 order. (Cal. Rules of Court, rule 8.104(d)(2), (e).)

After Wilburn filed his notice of appeal, this court—citing *Annette F.*—requested that Wilburn file a letter brief explaining why the court should not dismiss his appeal on the ground that the appeal was taken from a nonappealable order. In his letter brief, Wilburn claimed that his motion in the trial court was "not actually a motion for reconsideration, but a motion for renewal." In his opening brief on appeal, Wilburn argues that an order denying a renewed motion is appealable. In her respondent's brief, Tate claims that Wilburn's appeal should be dismissed as stemming from a nonappealable order denying a motion for reconsideration pursuant to section 1008, subdivision (a).[7]

In light of Wilburn's citation of section 1008, subdivision (b) in the trial court, we conclude that his motion is properly characterized as a renewed motion under section 1008, subdivision (b). (See *California Correctional Peace Officers Assn. v. Virga, supra*, 181 Cal.App.4th at p. 43, fn. 11 [stating that although the trial court's order referred to the motion as a " 'motion to reconsider' instead of using a more precise term such as 'renewed motion,' " the motion was properly characterized as a renewed motion under § 1008, subd. (b)].)

2. *Section 1008*

Section 1008 provides:

"(a) When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

"(b) A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law

---

[7] Tate did not address the appealability of a renewed motion pursuant to section 1008, subdivision (b) in her brief.

are claimed to be shown. For a failure to comply with this subdivision, any order made on a subsequent application may be revoked or set aside on ex parte motion.

"(c) If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order.

"(d) A violation of this section may be punished as a contempt and with sanctions as allowed by Section 128.7. In addition, an order made contrary to this section may be revoked by the judge or commissioner who made it, or vacated by a judge of the court in which the action or proceeding is pending.

"(e) This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section.

"(f) For the purposes of this section, an alleged new or different law shall not include a later enacted statute without a retroactive application.

"(g) This section applies to all applications for interim orders."

3. *An order denying a motion for reconsideration pursuant to section 1008, subdivision (a) is not appealable*

In *Annette F.*, after noting the existence of a split of authority on the issue, this court held that an order denying a motion for reconsideration (§ 1008, subd. (a)) is not appealable. This court reasoned: "Although there appears to be a split of authority regarding the appealability of orders denying motions for reconsideration [citation], we are persuaded by the reasoning of the majority of recent cases that have concluded orders denying motions for reconsideration are *not* appealable. 'Most of the recent cases consider a motion for reconsideration never appealable. [Citations.]' [Citation.] In *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435] (overruled on another ground in *Passavanti v. Williams* [(1990)] 225 Cal.App.3d [1602,] 1607 [275 Cal.Rptr. 887]), the court stated: 'The same policy reasons for determining that denials of motions to vacate judgments and motions for new trial are not appealable are applicable to denials of motions for reconsideration: namely, to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a

party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal. [Citations.]' (*Rojes, supra,* at p. 1161.) Subsequent courts have agreed with *Rojes's* reasoning and conclusion that orders denying motions for reconsideration are not appealable. [Citations.]" (*Annette F., supra,* 130 Cal.App.4th at pp. 1458–1459.)

The contrary line of authority holds that an order denying a motion for reconsideration is appealable where the order on the original motion was appealable and the party's motion for reconsideration was based on facts that are new or different from those contained in the original motion. (See, e.g., *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1010–1011 [183 Cal.Rptr. 594] (*Blue Mountain*); accord, *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710 [269 Cal.Rptr. 605] ["An order denying a motion for reconsideration thereof which raises new facts is also appealable."].) In *Rojes,* the court that issued *Blue Mountain* changed its position, holding, "We have now determined that the better ruling is that a denial of a motion for reconsideration is a nonappealable order." (*Rojes v. Riverside General Hospital, supra,* 203 Cal.App.3d at p. 1160.)

### 4. *An order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable*

Neither party has cited any case law addressing whether an order denying a renewed motion pursuant to section 1008, subdivision (b) is appealable,[8] and our independent research has not uncovered any such authority. However, as noted above, there is an extensive body of case law concerning the appealability of an order denying a motion for reconsideration under section 1008, subdivision (a). As indicated by the text of section 1008,

---

[8] Wilburn cites *County of Los Angeles v. James* (2007) 152 Cal.App.4th 253, 259 [60 Cal.Rptr.3d 880], in which the court considered the merits of an appeal from a motion brought pursuant to section 1008, subdivision (b). However, the *James* court did not consider whether the motion was appealable. " ' "It is axiomatic that cases are not authority for propositions not considered." ' [Citations.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 127 [92 Cal.Rptr.3d 595, 205 P.3d 1047].) We therefore do not regard *James* as authority supporting the proposition that an order denying a renewed motion pursuant to section 1008, subdivision (b) is appealable.

Wilburn also cites *Harth v. Ten Eyck* (1941) 16 Cal.2d 829, 832 [108 P.2d 675], a case in which the Supreme Court stated that an order granting a motion for reconsideration was appealable. However, *Harth* was decided long before the enactment of present-day section 1008 and the numerous cases in which courts have held that an order denying a motion for reconsideration is *not* appealable. Accordingly, *Harth* does not constitute binding authority regarding the appealability of an order denying a renewed motion under section 1008, subdivision (b). (Cf. *Blue Mountain, supra,* 132 Cal.App.3d at p. 1011 [stating that two cases considering the appealability of an order denying a motion for reconsideration had "been rendered obsolete by the repeal and reenactment of section 1008 effective January 1, 1979"].)

motions for reconsideration under section 1008, subdivision (a), and renewed motions under section 1008, subdivision (b) are closely related. (See *Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 381 [130 Cal.Rptr.2d 754] ["Although the two subdivisions differ in certain minor details, each sets out the same essential requirements."].) A party filing either a motion under section 1008, subdivision (a) or (b) is seeking a new result in the trial court based upon "new or different facts, circumstances, or law." (§ 1008, subds. (a), (b).)

Most importantly for purposes of this case, the reasons that this court identified in *Annette F., supra*, 130 Cal.App.4th at pages 1458 through 1459, as supporting the conclusion that an order denying a motion for reconsideration under section 1008, subdivision (a) is not appealable—i.e., to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal—apply with equal force to an order denying a renewed motion pursuant to section 1008, subdivision (b). Indeed, the possibility that a party may obtain an unwarranted extension of time to appeal is actually more of a concern with respect to a renewed motion under section 1008, subdivision (b), in light of the fact that such a motion may be brought at any time, while a motion for reconsideration must be brought "within 10 days after service upon the party of written notice of entry of the [underlying] order." (§ 1008, subd. (a).)[9] While Wilburn notes that "[a] motion to renew a prior motion . . . differs from a motion for reconsideration in that the former seeks to renew a *motion* (not reconsider an order), has no time limit, and may be heard by a new judge," he fails to make any argument as to how any of these differences render the reasons for concluding that an order denying a motion for reconsideration is not appealable outlined by this court in *Annette F.* inapplicable.

■ Accordingly, we conclude that an order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable.[10]

---

[9] A party's serving and filing a motion for reconsideration pursuant to section 1008, subdivision (a) may extend the time for filing an appeal from the underlying order pursuant to California Rules of Court, rule 8.108(e), while the filing of a renewed motion pursuant to section 1008, subdivision (b) does not. The Advisory Committee Comment to California Rules of Court, rule 8.108(e) explains this distinction as follows: "Subdivision (e) applies only when a 'party' makes a valid motion to 'reconsider' an appealable order under subdivision (a) of Code of Civil Procedure section 1008; it therefore does not apply when a court reconsiders an order on its own motion . . . or when a party makes 'a subsequent application for the same order' [section 1008, subdivision (b)]. The statute provides no time limits within which either of the latter events must occur." (Citation omitted.)

[10] We are aware that under *Annette F.*, and our application of the reasoning of that case to an order denying a renewed motion under section 1008, subdivision (b), there may be

### 5. *Wilburn's alternative arguments in favor of appealability are not persuasive*

We reject Wilburn's argument that the trial court's February 25 order is appealable because the trial court "invited an appeal" pursuant to section 166.1. Section 166.1 provides: "Upon the written request of any party or his or her counsel, or at the judge's discretion, a judge may indicate in any interlocutory order a belief that there is a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation. Neither the denial of a request for, nor the objection of another party or counsel to, such a commentary in the interlocutory order, may be grounds for a writ or appeal."

Wilburn's argument fails for two reasons. First, the record does not contain an "interlocutory order" pursuant to section 166.1. The trial court's oral comments at the hearing on Wilburn's renewed motion regarding the possibility of an appeal cannot reasonably be construed as an order pursuant to section 166.1.[11] Further, even assuming that the trial court had issued such an order, Wilburn cites no authority, and we are aware of none, that would support the conclusion that such an order would create appellate jurisdiction in the Court of Appeal. (Compare with *Lauermann v. Superior Court* (2005) 127 Cal.App.4th 1327, 1330 [26 Cal.Rptr.3d 258] ["The intent [of section 166.1] is evidently to encourage the appellate court to review the issue on the merits if the losing party files a *petition for extraordinary relief*" (italics added)].)

We also reject Wilburn's argument that because the trial court considered his renewed motion on the merits, "[t]his created an appealable order in and of itself, regardless of whether an order on a motion to renew is appealable." The fact that the trial court considered the matter on the merits does not establish that this court has appellate jurisdiction over Wilburn's appeal.

circumstances in which a party is unable to obtain appellate review of a ruling in a significant proceeding in which newly discovered evidence was presented. In those circumstances, a party may file a petition for writ of mandate seeking extraordinary relief. (See *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 210 [37 Cal.Rptr.3d 338] [granting petition for writ of mandate directing the trial court to vacate its order on party's motion for reconsideration].) In this case, we provide such writ review on the merits in the unpublished portion of this opinion in part III.B., *post*.

[11] Among other comments that the trial court made regarding the possibility of an appeal, the court stated, "If I'm not wrong, [counsel], and I hope I'm not, but if I'm wrong, your client has a remedy of appealing me." Although the trial court was incorrect with respect to its expressed belief concerning the possibility of an appeal, none of the court's comments indicate that the court was issuing an interlocutory order pursuant to section 166.1.

B.  *Wilburn has not demonstrated that the trial court erred in refusing to set aside the 1991 child support order**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV.

## DISPOSITION

Wilburn's appeal is dismissed. The constructive petition for writ of mandate is denied. This court's December 8 order staying execution of the writ of execution is vacated. This court's December 24 order granting Wilburn's petition for writ of supersedeas is vacated. Wilburn is to bear costs.

Benke, Acting P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 28, 2010, S182525. George, C. J., did not participate therein.

---

*See footnote, *ante*, page 150.