Filed 6/27/13  Washington v. Horvath CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WASHINGTON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HELEN HORVATH,<br><br>    Defendant and Appellant. | D061068<br><br><br><br>(Super. Ct. No. 37-2009-00070679-<br>CU-HR-EC) |

APPEAL from a judgment of the Superior Court of San Diego County, Fredrick Mandabach, Retired, Judge.  Dismissed.

Helen Horvath, in pro. per., for Defendant and Appellant.

Defendant and appellant Helen Horvath, who is self-represented, purports to appeal the superior court's denial of her motion to modify a restraining order enjoining her from harassing plaintiff and respondent Christopher Washington.  But that order is not appealable.  Further, the record reflects the restraining order, by its terms, has

expired. Accordingly, this court cannot provide effective relief from the order, and the appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2009, Washington filed a request under Code of Civil Procedure,[1] sections 527.6 and 527.9 for a court order to stop Horvath's harassment of himself, his wife and his daughter. Horvath noted that approximately one year earlier the court had denied his previous request for such an order, but admonished Horvath to cease further contact with him. Washington claimed Horvath's subsequent "nearly two year course of harassing conduct, despite being told to stop by [himself] and a judge, and being contacted by law enforcement, has risen to the level of being threatening." The court issued a temporary restraining order and set a hearing for December 9, 2009.

Horvath filed an answer to Washington's request for orders to stop harassment, generally denying Washington's claims, and alleging that, in fact, she had been harassed and endangered by Washington and his wife. Following a hearing, the court issued a restraining order which expired on December 8, 2012.

Horvath unsuccessfully moved to set aside the restraining order She later sought reconsideration of that ruling, which the trial court decided it lacked jurisdiction to address because Horvath had separately filed an appeal in this court.

---

[1]     All statutory references are to the Code of Civil Procedure.

In April 2011, Horvath again moved to set aside the restraining order, and in June 2011 she amended her motion, seeking to terminate the restraining order under section 533.

On October 14, 2011, the court responded to Horvath's new motions by first summarizing the procedural history of the case: "Following the issuance of a restraining order . . . [on December 9, 2009, Horvath] filed a motion pursuant to [section] 1008. That motion was heard and denied . . . . [Horvath] then appealed the denial. This appeal was dismissed by [the Court of Appeal] for failure to timely designate the record. Now this same restraining order is the subject of two new motions" under sections 1008, subdivision (b) and 533. The trial court denied the motions, ruling the parties had presented no argument that the law upon which the restraining order was granted had changed, and no basis existed for setting aside the restraining order because Horvath had not proved there was new evidence which she could not, with reasonable diligence, have discovered and produced at the hearing.

## DISCUSSION

Horvath contends "the trial court erred on multiple levels during multiple hearings over the life of the [restraining order]." Washington did not file a reply brief in this appeal.

Under the authority of our previous cases, we dismiss this appeal on grounds the court's denial of the motion for reconsideration is not an appealable order. (§§ 1008, subd. (b), 533; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1458-1459; *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 156; 160.)

3

An alternative ground for dismissing Horvath's appeal regarding the court's December 9, 2009 restraining order is that it expired on December 8, 2012. Accordingly, this court cannot provide effective relief from that expired order. (*Santa Monica Baykeeper v. City of Malibu* (2011) 193 Cal.App.4th 1538, 1547.) A court has discretionary authority to decide moot issues: "(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination." (*Id*. at p. 1548.) Horvath has not shown that this case falls within these discretionary exceptions.

## DISPOSITION

The appeal is dismissed. No costs are awarded on appeal.

_____
O'ROURKE, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
McINTYRE, J.

4