Filed 3/6/14  Brown v. Ralphs Grocery CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TERRI BROWN, | B247297 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC423782) |
| v. | |
| RALPHS GROCERY COMPANY et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Richard B. Rico, Judge.  Dismissed.

Reed Smith, Linda S. Husar, Steven B. Katz, and Margaret M. Grignon for Defendants and Appellants.

Capstone Law, Glenn A. Danas, Melissa Grant, Ryan H. Wu for Plaintiff and Respondent.

# INTRODUCTION

Defendants and appellants Ralphs Grocery Co. and The Kroger Co. (defendants) purport to appeal from the trial court's order denying their renewed petition to compel arbitration filed pursuant to Code of Civil Procedure section 1008, subdivision (b).[1] Because it is well established that an order denying a renewed motion or application under section 1008, subdivision (b) is nonappealable, *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 160 (*Tate*), we dismiss the appeal.

# PROCEDURAL BACKGROUND[2]

"Plaintiff [and respondent Terri Brown (plaintiff)] filed a complaint asserting as a class action four Labor Code violations and a violation of Business and Professions Code section 17200 et seq. based on the alleged Labor Code violations.  Plaintiff also alleged that she had satisfied all the administrative prerequisites to pursuing a representative action under the [Labor Code Private Attorney General Act of 2004 (the PAGA)][3] and sought civil penalties pursuant to that statute." (*Brown, supra*, 197 Cal.App.4th at pp. 494-495.)

Defendants responded to the complaint by filing their original petition to compel arbitration.  (*Brown, supra*, 197 Cal.App.4th at p. 495.)  The trial court denied the petition on the grounds that the arbitration agreement on which the petition was based was unenforceable.  (*Id*. at p. 496.)

---

**1**    All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

**2**    Portions of the procedural background are taken from our published opinion in *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489 (*Brown*).

**3**    The PAGA, Labor Code sections 2698 through 2699.5, allows actions to recover civil penalties for Labor Code violations brought by an aggrieved employee on his or her own behalf and on behalf of current or former employees.

On the appeal from the order denying the petition to compel arbitration, we affirmed that portion of the trial court's order that ruled the PAGA waiver in the arbitration agreement was unenforceable, but reversed the portion of the trial court's order that ruled the class action waiver was unenforceable. (*Brown, supra*, 197 Cal.App.4th at p. 494.) Defendants filed a petition for review in the California Supreme Court that was denied. (*Id.* at p. 510.)

Following remand, the trial court ruled that plaintiff's PAGA claim was severable from her non-PAGA claims, stayed trial court proceedings as to the PAGA claim, and granted defendants' petition to compel arbitration of plaintiff's non-PAGA claims on an individual basis. Plaintiff then filed a motion for leave to file an amended complaint that eliminated her non-PAGA claims and asserted only her PAGA claim. The trial court granted that motion.

In response to the amended complaint, defendant pursuant to section 1008, subdivision (b), filed a renewed petition to compel arbitration. At the hearing on the renewed petition, which hearing was not reported, the trial court issued a tentative ruling that sated, in pertinent part, "Defendants failed to establish the existence of new law sufficient to render the direct appellate decision issued in this case invalid." In a subsequent notice of ruling prepared by defendants, the parties were notified that the tentative ruling became the final ruling of the trial court. Defendant's counsel, however, also prepared and submitted a written attorney order that stated, in pertinent part, "[*U*]*pon reconsideration*, Defendants['] Petition is denied on the grounds that Defendants failed to establish the existence of new law sufficient to render the direct appellate decision issued in this case invalid." (Italics added.)

Defendants appealed from the trial court's order denying their renewed petition to compel arbitration. Prior to briefing, plaintiff filed a motion to dismiss that appeal on the grounds that defendants had appealed from a nonappealable order, citing *Tate, supra,* 184 Cal.App.4th 150. Plaintiff also filed a motion for sanctions. This court denied both motions but, as to the motion to dismiss, expressly stated that the parties could address the appealablity issue raised by that motion in their briefs.

3

Defendants' opening brief did not include the required statement of appealability (Cal. Rules of Court, rule 8.204(a)(2)(B)) and did not address in any way the issue of appealability. But in her respondents' brief, plaintiff addressed the appealability issue and, at the end of their reply brief, defendants also addressed appealability, arguing that the trial court ruled that (1) defendants had complied with the requirement of section 1008, subdivision (b) governing renewed motions; and (2) defendants' renewed petition was heard and denied on the "merits." According to defendants, the order denying their renewed petition was therefore appealable.

Following briefing we requested letter briefs on two issues relating to the appealability issue: (1) the effect on the appeal of defendants' failure to provide the reporter's transcript of the hearing on their renewed petition to compel arbitration;[4] and (2) whether we should consider defendants' arguments on appealability as they were not made in their opening brief. In view of our discussion below, we do not need to address these two issues.

## DISCUSSION

### A.      Section 1008

Section 1008 provides, in pertinent part, as follows: "(a) When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new

---

[4]      In response to our request for supplemental briefing, defendants obtained from the trial court a settled statement in lieu of a reporter's transcript. Their motion to augment the record with that statement is granted.

4

or different facts, circumstances, or law are claimed to be shown. [¶] (b) A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. For a failure to comply with this subdivision, any order made on a subsequent application may be revoked or set aside on ex parte motion. [¶] . . . [¶] (e) This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section. [¶] . . . [¶] (g) An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

## B.    Appealability

In their reply and letter briefs, defendants contend that because renewed motions filed pursuant to section 1008, subdivision (b) are fundamentally different from reconsideration motions filed pursuant to section 1008, subdivision (a), they should be treated differently for purposes of appealability. According to defendants, if a moving party satisfies the requirements of section 1008, subdivision (b) by, for example, affirmatively demonstrating the existence of new law that warranted renewal of a motion, the renewed motion is then heard and decided on its merits, as if it had not been previously made, ruled upon by the trial court, or appealed. As defendants read section 1008, an order on a renewed motion in such circumstances is appealable to the same

5

extent that the order on the original motion was appealable. As explained below, we reject defendants' attempts to differentiate, for purposes of the appealability analysis, between reconsideration motions and renewal motions under section 1008, as well as their attempt to distinguish the controlling precedent, *Tate, supra*, 184 Cal.App.4th 150.

In *Tate, supra*, 184 Cal.App.4th 150, the court addressed the specific issue before us. There, the defendant filed an order to show cause in February 2008 seeking to set aside a 1991 child support order on the grounds, inter alia, that it was based on an insufficient showing of paternity. (*Id.* at p. 153.) In August 2008, the trial court denied the motion to set aside. (*Id.* at p. 154.) In October 2008, the defendant filed a renewed motion pursuant to section 1008, subdivision (b) in which he again attempted to set aside the child support order. (*Ibid.*) In support of his renewed motion, the defendant submitted, inter alia, a DNA test report stating that he was not the father of the child who was the subject of the support order and a declaration from that child. (*Id.* at p. 154-155.) After considering the renewed motion and the evidence in support thereof, the trial court entered a written order denying the renewed motion, from which order the defendant then appealed. (*Id*. at p. 152, 155.)

In response to the defendant's assertion that the order denying his renewed motion was an appealable order, the court in *Tate, supra*, 184 Cal.App.4th 150 concluded that orders on motions filed pursuant to section 1008, subdivision (b), like those on motions filed pursuant to section 1008, subdivision (a), are nonappealable. Beginning its analysis with the well established proposition that orders denying motions filed pursuant to section 1008, subdivision (a) are nonappealable, the court in *Tate* reasoned as follows: "Neither party has cited any case law addressing whether an order denying a renewed motion pursuant to section 1008, subdivision (b) is appealable, (footnote omitted) and our independent research has not uncovered any such authority. However, as noted above, there is an extensive body of case law concerning the appealability of an order denying a motion for reconsideration under section 1008, subdivision (a). As indicated by the text of section 1008, motions for reconsideration under section 1008, subdivision (a), and renewed motions under section 1008, subdivision (b) are closely related. (See *Kerns v.*

6

*CSE Ins. Group* (2003) 106 Cal.App.4th 368, 381 [130 Cal.Rptr.2d 754] ['Although the two subdivisions differ in certain minor details, each sets out the same essential requirements'].) A party filing either a motion under section 1008, subdivision (a) or (b) is seeking a new result in the trial court based upon 'new or different facts, circumstances, or law.' (§ 1008, subds. (a), (b).)" (*Tate, supra*, 184 Cal.App.4th at p. 159-160.)

Given the similarities in the language of section 1008, subdivisions (a) and (b), the court in *Tate, supra*, 184 Cal.App.4th 150 concluded that orders denying motions under either section were nonappealable. "Most importantly for purposes of this case, the reasons that this court identified in *Annette F.* [*v. Sharon S.* (2005)] 130 Cal.App.4th [1448] at pages 1458 through 1459, as supporting the conclusion that an order denying a motion for reconsideration under section 1008, subdivision (a) is not appealable—i.e., to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) *a party would have two appeals from the same decision*, and (3) a party would obtain an unwarranted extension of time to appeal—apply with equal force to an order denying a renewed motion pursuant to section 1008, subdivision (b). . . . While [the appellant] notes that '[a] motion to renew a prior motion . . . differs from a motion for reconsideration in that the former seeks to renew a *motion* (not reconsider an order), has no time limit, and may be heard by a new judge,' he fails to make any argument as to how any of these differences render the reasons for concluding that an order denying a motion for reconsideration is not appealable outlined by this court in *Annette F.* inapplicable. [¶] Accordingly, we conclude that an order denying a renewed motion pursuant to section 1008, subdivision (b) is not appealable." (*Tate, supra*, 184 Cal.App.4th at p. 160, italics added.)

Contrary to defendants' assertion, the decision in *Tate, supra*, 184 Cal.App.4th 150 is not distinguishable from this case. In that case, the trial court considered the new facts submitted in support of the renewed motion and determined that those new facts did not warrant a new or different order concerning the child support issue. Here, the record reflects that the trial court considered the new law advanced by defendants in support of

7

their renewed motion and determined that it did not warrant a new or different order on the arbitration issue. Thus, just as in *Tate*, the trial court here considered the renewed motion under the criteria set forth in section 1008, subdivision (b)—"new or different facts, circumstances, or law"—and determined that defendants had failed to justify their request for a new or different result on the previously determined arbitration issue. Moreover, one of the three policy rationales identified by the court in *Tate* as supporting its nonappealability determination—i.e., a party could have two appeals from the same decision—is clearly implicated by the instant appeal, which, in effect, seeks the same relief that defendants sought in *Brown, supra*, 197 CalApp.4th 489. Therefore, as in *Tate,* there is a sound policy rationale underlying our conclusion on the appealability issue.

Because we agree with the reasoning in *Tate, supra*, 184 Cal.App.4th 150, we conclude that an order denying a renewed motion under section 1008, subdivision (b) is nonappealable. We therefore have no jurisdiction to entertain this appeal.

In their briefs, defendants place much emphasis on the "upon reconsideration" language that they added to the language of the tentative ruling in their attorney prepared order denying the renewed petition, arguing that such language confirms that the trial court, in effect, issued a threshold finding that defendants had made the requisite showing under section 1008, subdivision (b) of new law warranting renewal of the original petition to compel arbitration and thereafter denied the renewed petition on the merits. Because a motion pursuant to section 1008, subdivision (b) is not a reconsideration motion made before the same judge who entered it within 10 days of its entry, but rather a renewal of a motion previously made and adjudicated, the " upon reconsideration" language in the attorney order is superfluous and adds nothing to the interpretation of the trial court's ruling which, based on the plain language of the tentative ruling and the other language of the attorney order, expressly denied the renewed petition because defendants had failed to make the requisite showing of new law warranting a new or different order.

## DISPOSITION

The appeal is dismissed.  Plaintiff is awarded her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                                        MOSK, J.



We concur:



        KRIEGLER, J.



        MINK, J.[*]


---

[*]     Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


9