[No. C056585. Third Dist. Nov. 5, 2008.]

COUNTY OF SACRAMENTO, Plaintiff and Respondent, v. GUADALUPE LLANES, Defendant and Appellant.

COUNSEL

Marc E. Angelucci for Defendant and Appellant.

John L. Cochran and Abimbola Akinsanya for Plaintiff and Respondent.

OPINION

**BLEASE, Acting P. J.**—Defendant Guadalupe Llanes appeals from an order denying his motion to set aside a judgment of paternity as untimely. He contends his motion was timely. Alternatively, he argues plaintiff County of Sacramento (County) should be estopped from asserting the motion is untimely because California's Department of Child Support Services (CDCSS) posted letters on its Web site stating that previously established fathers, such as defendant, had until December 31, 2006, to file a motion to set aside a judgment of paternity, and he relied on those letters in filing his motion on December 29, 2006. Defendant also seeks to challenge a finding

by the child support commissioner that he was "estopped from obtaining the relief he requests . . . ."

As we shall explain, the only issue that is properly before us is whether the trial court erred in determining defendant's motion to set aside a judgment of paternity was untimely. Finding no error, we shall affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 1991, a default judgment was entered against defendant, naming him the legal father of N.C. (the child). That judgment was confirmed in March 1992.

On September 28, 2004, the Legislature enacted article 1.5 of chapter 4 of the Uniform Parentage Act (Assem. Bill No. 252 (2003–2004 Reg. Sess.)), which sets forth procedures for challenging a judgment of paternity based on the results of genetic testing. (Stats. 2004, ch. 849, § 4; Fam. Code, § 7645 et seq.)[1] Among other things, it allows any previously established father who is the legal father as a result of default judgment as of the "effective date" of section 7646, to bring a motion to set aside or vacate a judgment establishing paternity "within a two-year period commencing with the enactment of" section 7646. (§ 7646, subd. (a)(3).) Section 7646 took effect on January 1, 2005. (Stats. 2004, ch. 849, § 4; Cal. Const., art. IV, § 8, subd. (c)(1); Gov. Code, § 9600.)

On December 29, 2006, defendant filed a motion to set aside the judgment of paternity and requested the court order genetic testing.

The motion was heard by a commissioner.[2] At the hearing, defendant submitted a December 15, 2004, letter from CDCSS to all "IV-D[3] Directors," county administrators, and boards of supervisors, which was posted on CDCSS's public Web site. In that letter, CDCSS stated, among other things, that a motion to set aside or vacate a judgment establishing paternity must be filed "[w]ithin a two-year period commencing on January 1, 2005, in the case of any previously established father who is the legal father as a result of a default judgment issued on or before January 1, 2005." Defendant claimed he relied on the letter in filing his motion on December 29, 2006.

---

[1] Further undesignated statutory references are to the Family Code.

[2] Defendant "objected to the commissioner."

[3] " 'IV-D' means Part D of Title IV of the federal Social Security Act (42 U.S.C. Sec. 651 et seq.)." (§ 17000, subd. (*l*).)

The commissioner found the motion was untimely because it was not filed within two years of September 28, 2004—section 7646's enactment date. The commissioner also found defendant's claim that CDCSS's December 15, 2004, letter "induc[ed] [him] to believe that he had until 1-1-07" to file the motion was "not persuasive" because the letter was addressed to local child support agencies, not the general public. Finally, the commissioner concluded that defendant was "estopped from obtaining the relief he requests" because he "was afforded [a] full and complete opportunity to participate" in the earlier paternity proceedings, noting that blood tests were ordered, and the mother and child provided samples, but defendant did not. Accordingly, the commissioner recommended defendant's motion to set aside the judgment of paternity be denied.

On February 7, 2007, defendant filed a notice of objection to the commissioner's findings and recommended order. He claimed the commissioner erred in concluding the term "enactment" as used in section 7646, subdivision (a)(3), means the date the statute was enacted. He argued "the word 'enactment' as applied in this context is susceptible to a number of meanings . . . ." Referring to the statute's legislative history, he argued the Legislature intended the two-year period to run from the statute's effective date, January 1, 2005. Citing to letters posted on CDCSS's official Web site, he also noted that CDCSS interpreted the two-year period as beginning to run on January 1, 2005, and directed local child support agencies not to oppose as untimely motions filed within two years of that date. He further argued that interpreting the two-year period as commencing on the statute's effective date was necessary "to make the statute internally consistent." He reasoned that "the law refers to persons who are established as parents as of the effective date of the section by default, and gives them a two-year period" in which to bring a motion; however, "should a person be established as a parent through a default judgment taken late in December 2004, prior to the effective date of the section, they would not have the full two-year period within which to move to set aside the default." Finally, he urged that the commissioner's finding that he was "estopped from obtaining the relief he requests" was "beyond the scope of the hearing and the statute."

On February 21, 2007, the trial court issued a temporary order affirming the commissioner's recommended order and set a hearing de novo. Defendant filed a memorandum of points and authorities in support of his motion. The arguments set forth in the memorandum were substantially similar to those made in defendant's objections to the commissioner's findings and recommended order.

Following the hearing de novo, on May 30, 2007, the trial court found defendant's motion was timely, explaining that "various problems arise" if the two-year period is interpreted as beginning to run on September 28, 2004—the date the statute was enacted. First, the court noted that CDCSS construed the two-year period as commencing on January 1, 2005. Second, it observed that if the enactment date is used, a previously established father has less than two years to challenge the judgment of paternity since the period would begin to run before the statute became effective. Third, it found selecting the enactment date had "a 'hollow' ring to it" since section 7646 was not passed as emergency legislation, which would have made it effective immediately.

On June 12, 2007, however, the trial court reconsidered its order, vacated it, and denied defendant's motion to set aside the judgment of paternity as untimely. In doing so, the court relied on *County of Fresno v. Sanchez* (2005) 135 Cal.App.4th 15 [37 Cal.Rptr.3d 192], which it interpreted as requiring a motion to set aside a judgment of paternity under subdivision (a)(3) of section 7646 to be filed by September 28, 2006. The court also stated that "[i]f either party wishes to set the matter for argument, they may do so by agreement or motion filed [within] 15 days."

Following a hearing on July 30, 2007, the trial court confirmed its June 12, 2007, order, noting "confusion in *Sanchez* construction needs to be addressed by [the court of appeal]."

Defendant timely appeals from the court's June 12, 2007, order, which was confirmed on July 30, 2007.

On July 1, 2008, while this case was pending on appeal, the Legislature enacted Senate Bill No. 1333 (Senate Bill 1333), which amends section 7646, subdivision (a)(3) to provide that the two-year period in which to bring a motion to set aside or vacate a judgment of paternity commences on January 1, 2005.[4] (Sen. Bill No. 1333 (2007–2008 Reg. Sess.) § 1.) The bill also added subdivision (c) to section 7646, which states: "Reconsideration of a motion brought under paragraph (3) of subdivision (a) may be requested and granted if the following requirements are met: [¶] (1) The motion was filed with the court between September 24, 2006, and December 31, 2006,

---

[4] As amended, section 7646, subdivision (a)(3) reads: "In the case of any previously established father who is the legal father as a result of a default judgment as of the effective date of this section, within a two-year period from January 1, 2005, to December 31, 2006, inclusive." (Sen. Bill No. 1333 (2007–2008 Reg. Sess.).)

inclusive. [¶] (2) The motion was denied solely on the basis that it was untimely. [¶] (3) The request for reconsideration of the motion is filed on or before December 31, 2009." (Sen. Bill No. 1333, § 1.) The amended version becomes effective January 1, 2009. (*Ibid.*; Cal. Const., art. IV, § 8, subd. (c)(1); Gov. Code, § 9600.)

Following the enactment of Senate Bill 1333, we requested the parties provide supplemental letter briefs addressing what effect, if any, the bill's passage had on this appeal. Defendant responded that while the bill "may moot the *timeliness* issue of this appeal" once it takes effect, he argued, his "motion was *also* denied on the ground of estoppel." (Original italics.) The County agreed that "[t]he issue of the timeliness of [defendant's] appeal . . . will be moot as all of the reconsideration requirements of [Sen. Bill] 1333 . . . will have been met." Senate Bill 1333 does not take effect until January 1, 2009; thus, while it appears defendant will be able to move for reconsideration at that time, that does not preclude him from challenging the trial court's ruling, which was based on the current version of the statute. As we shall explain, the commissioner's finding that defendant is estopped from obtaining the relief he requests was completely nullified by the trial court's order and is not properly before us.

## DISCUSSION

### I.

### The Only Issue That Is Properly Before Us Is Whether the Trial Court Erred in Denying Defendant's Motion as Untimely

■ Child support cases, such as this, are heard by commissioners. (§ 4251, subd. (a).) The commissioner acts as a temporary judge unless a party objects. (§ 4251, subd. (b).) If a party objects, the commissioner may hear the matter and make findings of fact and a recommended order. (§ 4251, subd. (c).) If a party objects to the recommended order within 10 days, "the judge shall issue a temporary order and schedule a hearing de novo . . . ." (*Ibid.*)

Here, defendant objected to the commissioner acting as a temporary judge, and the commissioner issued findings of fact and a recommended order.

Defendant timely objected to the findings and recommended order, and the trial court held a hearing de novo before denying defendant's motion.

■ "A hearing *de novo* literally means a new hearing, or a hearing the second time. [Citation.] Such a hearing contemplates an entire trial of the controversial matter in the same manner in which the same was originally heard. It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held. It differs, therefore, from an ordinary appeal from an inferior to an appellate body where the proceedings of the hearing in the inferior court are reviewed and their validity determined by the reviewing court. A hearing *de novo* therefore is nothing more nor less than a trial of the controverted matter by the court in which it is held. The decision therein is binding upon the parties thereto and takes the place of and completely nullifies the former determination of the matter." (*Collier & Wallis, Ltd. v. Astor* (1937) 9 Cal.2d 202, 205 [70 P.2d 171].) Accordingly, only those issues tendered in the trial court may be raised on appeal. That an issue was raised before, or ruled upon by, the commissioner is insufficient.

That said, there is no indication in the record on appeal that defendant argued in the trial court that the County was estopped from asserting defendant's motion was untimely. Neither of the briefs filed by defendant in the trial court include such an argument, and the record does not contain reporter's transcripts from either of the hearings in the trial court.[5] That defendant raised the issue before the commissioner is insufficient. (*Collier & Wallis, Ltd. v. Astor, supra*, 9 Cal.2d at p. 205.) Because he did not argue the County was estopped from asserting the motion was untimely in the trial court, he failed to preserve the issue for review.

While defendant did challenge the commissioner's finding that he was "estopped from obtaining the relief he requests" in the trial court, the trial court did not base its ruling on that ground. Rather, the sole basis for the trial court's ruling was that the motion was untimely. As previously discussed, our review is limited to that ruling, which "t[ook] the place of and completely nullifie[d] the [commissioner's] determination of the matter." (*Collier & Wallis, Ltd. v. Astor, supra*, 9 Cal.2d at p. 205.)

---

[5] It is incumbent upon defendant to provide an adequate record for this court to assess trial court error. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [94 Cal.Rptr.2d 143].)

## II.

### The Trial Court Properly Denied Defendant's Motion to Set Aside the Judgment of Paternity as Untimely

Defendant contends the trial court erred in determining the two-year period for bringing a motion to set aside a paternity judgment under section 7646, subdivision (a)(3) commenced on September 28, 2004—the date the statute was enacted. We disagree.

■ Section 7646, subdivision (a) provides in pertinent part: a motion to set aside or vacate a judgment of paternity "shall be brought within one of the following time periods: [¶] . . . [¶] (3) In the case of any previously established father who is the legal father as a result of a default judgment as of the effective date of this section, within a two-year period commencing with the enactment of this section."

Defendant argues "[t]he term 'enactment' [in subdivision (a)(3)] is ambiguous, and the [subdivision's] history and text both support 'effective date' as the proper interpretation."

■ " 'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citation.] If the words in the statute do not, by themselves, provide a reliable indicator of legislative intent, '[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes. [Citation.]' [Citation.] ' "Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute . . . ; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." [Citations.]' [Citation.] If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy. [Citation.]" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1126 [77 Cal.Rptr.3d 569, 184 P.3d 702].)

■ Under California law, the terms "enactment" and "effective date" have distinct meanings when applied to statutes. Both the California Constitution and the Government Code provide, subject to certain exceptions not applicable here, that "a statute *enacted* at a regular session shall go into *effect* on January 1 next following a 90-day period from the *date of enactment* of the statute

and a statute *enacted* at a special session shall go into *effect* on the 91st day after adjournment of the special session at which the bill was passed." (Cal. Const., art. IV, § 8, subd. (c)(1); Gov. Code, § 9600, italics added.) "The Legislature, of course, is deemed to be aware of statutes . . . already in existence, and to have enacted or amended a statute in light thereof. [Citation.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].) The same can be said with respect to constitutional provisions. Accordingly, it strains credulity to suggest the Legislature meant "effective date," when it said "enactment."

Our conclusion is bolstered by the Legislature's use of the phrase "effective date" earlier in the same sentence. "Where, as here, the Legislature used different words or terminology in the same section of the law with regard to the same subject, we presume that it intended the words to be understood differently." (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 518 [39 Cal.Rptr.3d 55].) Thus, we presume that if the Legislature intended the two-year period to commence on the section's effective date, it would have said so.[6]

While defendant cites to portions of the legislative history which purportedly show the Legislature intended the two-year period to run from the section's effective date, we are precluded from considering the history where, as here, the language of the statute is clear on its face. (*People v. Gonzalez, supra,* 43 Cal.4th at p. 1126.)

Defendant also points to letters from CDCSS indicating the two-year period commenced on January 1, 2005. "Although an administrative agency's

---

[6] *County of Fresno v. Sanchez, supra,* 135 Cal.App.4th 15, cited by the trial court as the basis for its determination that defendant's motion was untimely, does not assist us here. There, the Court of Appeal affirmed the denial of a father's motion to reduce his child support obligation to zero based on his being the victim of fraud by the mother, noting that "[a]t the time [his] motion was heard in March 2004, the established law denied him relief." (*Id.* at p. 18.) The court then discussed the Legislature's subsequent enactment of section 7645 et seq., which sets forth the procedure for setting aside or vacating a judgment of paternity. (*Sanchez,* at p. 19.) In doing so, the court observed in dicta that "within a two-year period commencing with . . . the *effective date* of this section if there was a default judgment, the established father can move to set aside or vacate the judgment of paternity . . . ." (*Ibid.,* italics added.) Shortly thereafter, the court noted the father could file a motion in the trial court to set aside the default paternity judgment pursuant to section 7646, but "he must do so by *October 28, 2006,* two years after the *effective date* of the statute." (*Sanchez,* at p. 20, italics added.) Although the court stated the two-year period began to run on the statute's effective date, it listed the effective date as October 28, 2004. As previously discussed, the statute was enacted on September 28, 2004, and took effect on January 1, 2005. Thus, it is not clear when the court believed the two-year period commenced. Insofar as the court's observations were dicta and not precedent, we need not attempt to discern its intent. (*Krupnick v. Hartford Accident & Indemnity Co.* (1994) 28 Cal.App.4th 185, 199 [34 Cal.Rptr.2d 39].)

contemporaneous interpretation of a statute under which it operates is ordinarily entitled to great weight" (*Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1173 [72 Cal.Rptr.3d 624, 177 P.3d 232]), its interpretation " 'does not control if an alternative reading is compelled by the plain language of the provision.' [Citation.]" (*Stolman v. City of Los Angeles* (2003) 114 Cal.App.4th 916, 930 [8 Cal.Rptr.3d 178].) "It is the function of the judiciary, not an administrative agency, to construe statutory language." (*Wolski v. Fremont Investment & Loan* (2005) 127 Cal.App.4th 347, 357 [25 Cal.Rptr.3d 500].) We have done so, and our reading of the language is in direct conflict with that of CDCSS.[7]

■ Finally, that a previously established father has less than two years to bring a motion to set aside or vacate the judgment of paternity if the two-year period is interpreted as commencing on the date the statute was enacted does not make section 7646 internally inconsistent as defendant has suggested. In the trial court, defendant argued that "should a person be established as a parent through a default judgment taken late in December 2004, prior to the effective date of the section, they would not have the full two-year period within which to move to set aside the default." True, but such a result is not unique to motions brought under section 7646, subdivision (a)(3). Subdivision (a)(2) provides that a motion to set aside or vacate a judgment of paternity must be brought "[w]ithin a two-year period commencing with the date of the child's birth if paternity was established by a voluntary declaration of paternity." In cases where a child is born prior to the section's effective date, the father would have less than two years within which to move to set aside the judgment of paternity. Thus, interpreting subdivision (a)(3) in a manner that provides previously established fathers with less than two years to bring a motion to set aside or vacate a judgment of paternity does not render section 7646 internally inconsistent.

■ Accordingly, the trial court correctly found that the two-year period set forth in subdivision (a)(3) of section 7646 commenced on September 28, 2004, the date the statute was enacted, and that defendant's motion to set aside the judgment of paternity, which was filed on December 29, 2006, was untimely. Defendant, however, is not without a remedy. As the County notes in its supplemental letter brief, defendant may bring a motion for reconsideration of the trial court's order on January 1, 2009, when Senate Bill 1333 takes effect.

---

[7] We are cognizant that the Legislature subsequently amended section 7646 to expressly provide that the two-year period commenced on January 1, 2005 (Sen. Bill No. 1333 (2007–2008 Reg. Sess.) § 1), and while that may have been what it intended when it enacted section 7646 in 2004, that is not what it said. Where, as here, the statutory language is unambiguous, we are bound by it, and not by the Legislature's subsequent expressions of its intent.

## DISPOSITION

The order denying defendant's motion to set aside the judgment of paternity under section 7646, subdivision (a)(3) is affirmed. The County shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Nicholson, J., and Cantil-Sakauye, J., concurred.