Filed 7/26/23  Iloff v. LaPaille CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LAURANCE ILOFF,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CYNTHIA LaPAILLE et al.,<br><br>　　　Defendants and Respondents. | A164651<br><br>(Humboldt County<br>Super. Ct. No. CV2000529) |

Following a de novo wage trial, the superior court awarded plaintiff Laurance Iloff attorney fees under Labor Code[1] section 98.2, subdivision (c) (section 98.2(c)).  In calculating the lodestar amount, the trial court imposed a negative multiplier based on a lack of contingent fee risk, Iloff's limited success, no finding of bad faith by defendants Cynthia LaPaille and Bridgeville Properties, Inc. (BPI), complexity of legal issues, and the legislative purpose behind section 98.2.  On appeal, Iloff contends the trial court miscalculated his attorney fee award.  We agree and remand to the trial court to recalculate the award in accordance with this opinion.

---

[1] All statutory references are to the Labor Code.

# I.

# BACKGROUND

The underlying facts of this case are set forth in greater detail in this court's prior opinion, *Seviour-Iloff v. LaPaille* (2022) 80 Cal.App.5th 427 (*Iloff I*), review granted October 26, 2022, S275848. We provide only a brief summary of the most pertinent facts here.

Iloff and his wife (jointly, the Iloffs) performed various tasks for BPI until they were terminated. (*Iloff I*, *supra*, 80 Cal.App.5th at p. 435.) During their employment, the Iloffs were not paid apart from receiving free rent. (*Ibid.*)

The Iloffs filed a complaint with the Labor Commissioner, who conducted a hearing and concluded the Iloffs were entitled to recover regular wages, overtime wages, liquidated damages, interest, and waiting time penalties, and LaPaille, the chief executive officer of BPI, was personally liable for those amounts. (*Iloff I*, *supra*, 80 Cal.App.5th at p. 436.) LaPaille and BPI appealed from the Labor Commissioner's order to the superior court. (*Ibid.*) Following a de novo trial, the superior court concluded the Iloffs were employees of BPI and entitled to certain minimum wages and statutory damages. (*Ibid.*) However, the court rejected their unfair competition law (UCL) claim, declined to award liquidated damages pursuant to section 1194.2 or penalties for violations of sick leave notice requirements, and concluded LaPaille was not personally liable for BPI's failure to pay wages. (*Iloff I*, at p. 436.)

The Iloffs appealed the trial court's judgment, asserting it miscalculated their unpaid wage claims, abused its discretion in denying their UCL, liquidated damages, and administrative damages claims, lacked discretion to excuse LaPaille from personal liability, and failed to properly

calculate waiting time penalties. (*Iloff I*, *supra*, 80 Cal.App.5th at p. 437.) On appeal, this court concluded the trial court erred in calculating the statute of limitations as to the Iloffs' wage claims, finding LaPaille not individually liable for wage violations under section 558.1, and failing to consider rent in calculating waiting time penalties. (*Iloff I*, at pp. 440, 445, 452.) Conversely, we affirmed the trial court's order denying the Iloffs' UCL claim, liquidated damages, and administrative penalties under section 248.5. (*Iloff I*, at pp. 440, 449, 451.)

While the appeal was pending, Iloff filed a motion for attorney fees in the amount of $97,130 against BPI. He asserted section 98.2(c) mandates an award of reasonable attorney fees as the "successful" party, and claimed the hours and rate requested are reasonable.

The trial court acknowledged section 98.2(c) provides for an attorney fee award to a successful plaintiff, and noted Iloff was successful in his trial against BPI but not as to LaPaille. The court then employed the lodestar method. The court first concluded $550 per hour "is reasonable in this matter." Of the 176.6 hours requested, the court disallowed 12.2 hours, concluding "the services of a top-level attorney charging a top-level hourly rate was not required for those services," and "164.4 hours were reasonable for Plaintiff's representation against [BPI]." The court, however, declined to reduce the hours for time spent on the claim against LaPaille because that claim "was so intertwined with the claim against [BPI] . . . that it would be impossible to separate" the two.

The court then noted a variety of potential factors set forth in *Glaviano v. Sacramento City Unified School Dist.* (2018) 22 Cal.App.5th 744, 751 (*Glaviano*), for determining whether to apply a multiplier and identified five factors it would consider here: (1) contingency fee risk, (2) degree of success,

3

(3) no bad faith, (4) complexity of legal issues, and (5) the legislative purpose of fee shifting, in determining whether to apply a multiplier.[2] The court explained the fact that Iloff's attorney was a salaried employee of the State of California "weighs heavily in favor of applying a negative multiplier." The court also found Iloff only achieved "limited success" because his award of $19,341 was significantly less than the amount sought, the court did not make any finding of bad faith, and "[t]he legal issues . . . were not novel or complex" although "the factual issues . . . were challenging." Finally, the court noted the purpose of the fee-shifting statute "is to discourage unmeritorious appeals," but in this case the employer significantly reduced its liability. The court thus employed "a negative multiplier of -.5" to reduce the lodestar amount by half. Iloff timely appealed.

## II.

## DISCUSSION

" ' " 'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion.' " ' [Citation.] ' " 'The trial court's decision will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice. If the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence.' [Citation.]" [Citation.]' [Citation.] However, ' " 'de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to

---

[2] Bad faith was not a factor identified in *Glaviano*, *supra*, 22 Cal.App.5th 744.

statutory construction and a question of law.' " ' " (*Nishiki v. Danko Meredith, P.C.* (2018) 25 Cal.App.5th 883, 895 (*Nishiki*).)

## A. Reduction of Hours in Lodestar Calculation

Iloff first argues the trial court's reduction of compensable hours from 176.6 to 164.4 constituted an abuse of discretion because it did not find the hours unnecessary or excessive. Iloff contends the trial court's statement that the work "could have been performed by staff or a paralegal" indicates the hours were necessary and should have been compensated albeit at a lower rate.

"In evaluating whether the attorney fee request is reasonable, the trial court should consider ' "whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." ' " (*Morris v. Hyundai Motor America* (2019) 41 Cal.App.5th 24, 38.)

Here, the court concluded 12.2 hours were not reasonably expended by Iloff's attorney. These hours represent a 6.9 percent reduction for tasks that the court appears to believe were clerical and/or inappropriate for "the services of a top-level attorney charging a top-level hourly rate." Iloff does not dispute the court's description of these stricken hours, but instead argues the court should have applied a lower rate. "The trial court is in the best position to determine the reasonable value of professional services rendered in a case before it and has broad discretion to determine the reasonable amount of an attorney fee award." (*Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 159.) The amount reduced by the court was minimal, and Iloff did not submit, or seek to submit, any evidence regarding appropriate rates for such work by paralegals or staff. Accordingly, Iloff has

5

not established the trial court abused its broad discretion in striking 12.2 hours from the total number of compensable hours.

## B.  *Negative Multiplier*

Next, Iloff contends the trial court abused its discretion by imposing a negative multiplier on the lodestar calculation.  He contends any adjustments to the lodestar may only relate to "setting the proper market rate."

"[T]he court may 'adjust the lodestar amount to take account of unique circumstances in the case.  [Citations.]  Some factors the court may consider in adjusting the lodestar include: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award.  [Citation.]" [Citation.]  "The purpose of such adjustment is to fix a fee at the fair market value for the particular action.  In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." ' " (*Nishiki*, *supra*, 25 Cal.App.5th at p. 897.)

### 1.  Iloff's Success at Trial

As an initial matter, we conclude *Iloff I*, in which we partially reversed the trial court's judgment, requires us to vacate and remand the attorney fee award.  The trial court justified imposition of a negative multiplier in part on the degree of success Iloff achieved.  The court noted he only recovered $19,341 of his $110,718 demand, "with no award against Ms. LaPaille." However, we concluded in *Iloff I*, in relevant part, that the trial court erred in (1) calculating the period for which Iloff was entitled to damages, (2) excluding the value of his housing in calculating the daily rate of pay, and

6

(3) finding LaPaille was not liable for the wage violations. (*Iloff I, supra,* 80 Cal.App.5th at pp. 440, 445, 452.) Accordingly, the trial court must reconsider its assessment of Iloff's "success" in light of these issues.[3]

On remand, we note the trial court may not compare Iloff's success with that achieved before the Labor Commissioner. In part, the trial court relied on Iloff's limited recovery to conclude BPI's appeal was meritorious and supported application of a negative multiplier. The court's reasoning—that the fee-shifting provision was designed to preclude unmeritorious appeals and a reduced award indicates merit—was adopted by the California Supreme Court in *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 370. In that case, the court explained, "The very point of the Labor Code's fee-shifting provision, as with similar statutory schemes, is to discourage a court trial where there is little likelihood of a different outcome. [Citation.] Accordingly, in an *employer* appeal from a commissioner's decision, an incremental reduction in the administrative award constitutes success in the appeal; in an *employee* appeal, an incremental increase in the administrative award constitutes success in the appeal." (*Ibid.*) The court thus concluded, "Under our construction of section 98.2(c), the judgment [the plaintiff] won at the trial de novo would be compared with the earlier administrative award to determine whether it was more favorable to him." (*Id.* at p. 371.)

However, the Legislature subsequently amended section 98.2 "to overrule *Smith v. Rae-Venter Law Group*" and restore the preexisting rule, i.e., " 'that an employee would be considered successful on appeal if the court awards an amount greater than zero.' " (*Arias v. Kardoulias* (2012) 207 Cal.App.4th 1429, 1435.) " 'The Governor's signing message states:

---

[3] Likewise, we conclude the trial court should reconsider its assessment of the complexity of the issues in light of *Iloff I.*

7

" 'This bill codifies a body of case law holding that an employee is successful on appeal even if the court awards an amount that is the same or lesser than previously awarded by the Labor Commissioner.' " ' " (*Id.* at pp. 1435–1436.)

Section 98.2(c) provides, "An employee is successful if the court awards an amount greater than zero." "This is not a standard prevailing party attorney fee provision, but rather ' "a one-way fee-shifting scheme that penalizes an unsuccessful party who appeals the commissioner's decision." ' " (*Cardinal Care Management, LLC v. Afable* (2020) 47 Cal.App.5th 1011, 1024.) Thus, the fact that Iloff recovered a lesser amount than awarded by the Labor Commissioner is not relevant to assessing Iloff's success at trial. (Accord, *County of Sacramento v. Llanes* (2008) 168 Cal.App.4th 1165, 1173 [" 'A hearing *de novo* literally means a new hearing . . . . It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held.' "].)[4]

However, Iloff's claim for attorney fees need not be accepted by the trial court without any consideration of success. Success under section 98.2(c) only provides for the recovery of "reasonable" attorney fees. It does not require courts to rubber stamp all of an employee's requested fees. The reasonableness of such fees is then subject to a standard lodestar analysis, which may, in part, include considering whether the number of hours

---

[4] We acknowledge the trial court's concern that an employer may be faced with the unenviable choice between accepting a significant award by the Labor Commissioner, or potentially challenging and reducing that award but being subject to a substantial attorney fee award. However, "[o]ur role is 'not to establish policy' [citation] or to question legislative policy choices [citation]. Rather, 'we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law, " ' "whatever may be thought of the wisdom, expediency, or policy of the act." ' " ' " (*Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 917.)

8

expended were related to unsuccessful claims or otherwise excessive. (Accord, *Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417 [" 'the initial lodestar calculation should exclude "hours that were not 'reasonably expended' " ' in pursuit of successful claims"]; Cal. Judges Benchbook: Civ. Proceedings—Trial (CJER June 2022 update) Applying Lodestar, § 16.100.)  It is thus appropriate on remand for the trial court to consider whether the fees were expended for successful or unsuccessful claims, and whether those claims were related.

### 2.  Representation by Government Attorney

The trial court also justified imposition of a negative multiplier on the fact that Iloff was represented by a government attorney, who "is a salaried employee of the State of California" and "did not take any risk of non-payment of his fees."  While the risk associated with a contingent fee arrangement may justify a positive multiplier (see *Save Our Uniquely Rural Community Environment v. County of San Bernardino* (2015) 235 Cal.App.4th 1179, 1188), the lack of such an arrangement does not inherently support a negative multiplier.

"In practice, it has been generally agreed that a party may 'incur' attorney fees even if the party is not personally obligated to pay such fees.  'A party's entitlement to fees is not affected by the fact that the attorneys for whom fees are being claimed were funded by governmental or charitable sources or agreed to represent the party without charge.' " (*Lolley v. Campbell* (2002) 28 Cal.4th 367, 373.)  "Fee awards to publicly funded attorneys also serve the *taxpayer's* ' "interest in recovering where possible a portion of the costs" ' of the legal services provided at no charge to an indigent client."  (*Id.* at p. 375.)  "The legislative history of section 98.2 offers additional support for [the Supreme Court's] construction of the statute.  An

9

early analysis of the bill that added the fee-shifting fee provision to section 98.2 [citation] noted that its fiscal effect included 'possible moneys to the State on the basis of attorneys' fees and other costs that would be assessed. [Citation.] . . . It appears, therefore, that the Legislature viewed the statute as providing for reasonable attorney fees and costs to be awarded for legal services provided by the Labor Commissioner as well as by private attorneys.' " (*Id.* at pp. 375–376; see also *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 122 (*OTO*) ["Claimants represented by the commissioner may still recover fees, consistent with the statute's goal of discouraging unmeritorious appeals."].)

The trial court's reasoning suggests any fee awarded to an attorney operating in a noncontingency capacity would be subject to a negative multiplier because counsel would not incur a risk of nonpayment. Such an argument would include not only government attorneys, as here, but also nonprofit attorneys, in-house counsel, and private attorneys retained via an hourly fee agreement. (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1093 ["the payment of a salary to in-house attorneys is analogous to hiring a private firm on a retainer"].) But courts have recognized that parties are equally entitled to recover allowable attorney fees based on these forms of representation and should not be penalized by the manner of their retention. (See, e.g., *id.* at p. 1098 [in-house attorney fee award should be calculated by "an objective standard of reasonableness, i.e., the prevailing market value of comparable legal services"]; *Lolley v. Campbell, supra,* 28 Cal.4th at pp. 374–375 [under various fee-shifting statutes publicly as well as privately funded legal services providers are entitled to awards of reasonable attorney fees]; *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 873 [reasonable market value serves as the basis for the

10

lodestar calculation "even if the attorney has performed services pro bono or . . . for a reduced fee and regardless of whether the plaintiff is represented by private or nonprofit counsel"].) Accordingly, the trial court abused its discretion by considering Iloff's counsel's status as a salaried government attorney as a factor in imposing a negative multiplier.

### 3. Bad Faith

The trial court also noted BPI's lack of bad faith when justifying application of the negative multiplier. Iloff argues attorney fees are not a penalty but rather compensation for the cost of representation, and thus lack of bad faith is irrelevant.

We are unaware of any authority suggesting a lack of bad faith on underlying Labor Code violations supports a reduction in an employee's entitlement to attorney fees reasonably incurred in successfully defending against an appeal. Nor has BPI cited any such authority or otherwise attempted to defend this basis for the negative multiplier. The attorney fee provision of section 98.2(c) is designed "to 'act[] as a disincentive to appeal the commissioner's decision' [citation] and to 'discourag[e] unmeritorious appeals of wage claims.' " (*Nishiki, supra*, 25 Cal.App.5th at p. 894.) This purpose is related to the design of the Berman hearing process, which is " 'to provide a speedy, informal, and affordable method of resolving wage claims.' " (*OTO, supra*, 8 Cal.5th at p. 121.) Here, the Labor Commissioner concluded BPI violated the Labor Code, Iloff was required to defend against BPI's appeal from that ruling, and Iloff—at least as to certain claims—was successful in doing so. BPI's alleged lack of bad faith did not alter the number of hours Iloff's counsel was required to expend on this process. We thus conclude an employer's bad faith as to the underlying claims is irrelevant in assessing the reasonableness of attorney fees under section 98.2(c).

11

## III.

## DISPOSITION

We remand the matter to the trial court to recalculate Iloff's reasonable attorney fees in accordance with this opinion.  Iloff may recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A164651
*Iloff v. LaPaille*

12